[Cite as *In re J.G.*, 2018-Ohio-5222.]

STATE OF OHIO       )                     IN THE COURT OF APPEALS
                             )ss:             NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

IN RE: J.G.
      B.G.
      D.G.

C.A. No.     29106

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN16-06-000507
                 DN 16-06-000508
                 DN 16-06-000509

DECISION AND JOURNAL ENTRY

Dated: December 26, 2018

CARR, Judge.

**{¶1}** Appellant, J.J. ("Father"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated his parental rights to his three minor children and placed them in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I

**{¶2}** Father is the biological father of J.G., born February 8, 2010; B.G., born December 21, 2012; and D.G., born September 28, 2015. The children's mother ("Mother") did not appeal from the trial court's judgment.

**{¶3}** On June 27, 2016, CSB filed complaints to allege that the three children were dependent because Mother was living with the children in an inoperable van and was not

otherwise meeting their basic daily needs. CSB was also concerned about Mother's mental health.

**{¶4}** The children were later adjudicated dependent and placed in the temporary custody of CSB. The initial case plan goal for the children was reunification with Mother, but Mother failed to achieve any stability in her life. Instead, she continued to struggle with mental health and substance abuse problems and gave birth to three more children, including a set of twins, during the next two years. Although CSB had attempted to place J.G., B.G., and D.G. in the legal custody of an aunt, the aunt later informed the agency that she could not provide the children with a permanent home.

**{¶5}** At the time this case began, Mother and Father had ended their romantic relationship and Father was incarcerated for convictions of grand theft, breaking and entering, and receiving stolen property. Father remained incarcerated throughout most of this case because, shortly after he was released from his incarceration on those convictions, he was convicted of attempted robbery and sentenced to another 18 months in prison. Consequently, reunification with Father was not possible and Father visited with the children only a few times during this case.

**{¶6}** Because CSB was unable to find any other suitable relatives and neither parent was able to provide a stable home for the children, CSB eventually moved for permanent custody. At the commencement of the hearing, Father informed the trial court that he was due to be released from his most recent term of incarceration. He requested a six-month extension of temporary custody to allow him more time to work on the reunification requirements of the case plan. The trial court explained that the case had almost reached its two-year sunset date, however, and denied Father's request for an extension. Following an evidentiary hearing, the

trial court terminated parental rights and placed J.G., B.G., and D.G. in the permanent custody of CSB. Father appeals and raises one assignment of error.

I.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN DENYING FATHER A SIX-MONTH EXTENSION OF TEMPORARY CUSTODY.**

{¶7} Father's sole assignment of error is that the trial court erred by placing the children in the permanent custody of CSB rather than granting a six-month extension of temporary custody. As the trial court explained at the hearing, however, it lacked authority to extend temporary custody because it had been almost two years since CSB filed its complaints in this case. R.C. 2151.353(G) provides that "the court shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier[.]"

{¶8} Even if there had been more time to extend temporary custody, the trial court would have had authority to extend temporary custody only if it also found that Father had made "significant progress" on the case plan and that there was reasonable cause to believe that the children would be reunified with him or otherwise permanently placed during the extension period. R.C. 2151.415(D)(1). Father repeatedly testified that the children's situation was Mother's fault and that he did not know that she was on drugs because they had split up. His argument ignores the fact that he had not been involved in his children's lives for many years. Father was incarcerated for many months before this case began and remained incarcerated throughout most of this two-year case. He rarely saw the children and, although he claimed to have completed some parenting and anger management programs in prison, he refused to sign

information releases to allow CSB or the guardian ad litem to verify that he had completed those programs.

{¶9} Moreover, the trial court was required to conduct a best interest analysis to determine whether to place the children in the permanent custody of CSB or to extend temporary custody. When determining the children's best interest under R.C. 2151.414(D), the juvenile court must consider all relevant factors, including the interaction and interrelationships of the children, their wishes, the custodial history of the children, and the need for permanence in the children's lives. *See In re R.G.,* 9th Dist. Summit Nos. 24834 and 24850, 2009-Ohio-6284, ¶ 11.

{¶10} Father was incarcerated throughout most of this case and his interaction with the children was minimal. When Father was able to visit, the oldest child was reluctant to attend because he was afraid of Father. The children were closely bonded to each other and their current foster family, however, and they were doing well in that home. The older two children had expressed their desire to stay with the foster parents, who were interested in adopting all three children. The youngest child was too young to express his wishes, but the guardian ad litem expressed her opinion that permanent custody was in the best interest of all three children.

{¶11} The children had been in temporary placements for nearly two years and were in need of a stable permanent placement. Because CSB had been unable to find a suitable relative who was willing and able to provide the children with a permanent home, the trial court reasonably concluded that permanent custody was in their best interests. Father's assignment of error is overruled.

III.

{¶12} Father's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRENDON J. KOHRS, Attorney at Law, for Appellant.

AMBER CROWE, Attorney at Law, for Appellee.

CHRISTOPHER VANDEVERE, Attorney at Law, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting Attorney, for Appellee.

HOLLY FARRAH, Guardian ad Litem.